UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KINSALE INSURANCE COMPANY, | |
| Plaintiff, | Civil Action No. 15-3065 (FLW)(DEA) |
| v. | **MEMORANDUM ORDER** |
| LETTUCE SERVE YOU, LLC, *et al.,* | |
| Defendants. | |

This matter comes before the Court on (1) a Motion to Intervene by Federal Realty Investment Trust ("FRIT"); and (2) a motion by Plaintiff Kinsale Insurance Company ("Kinsale") for leave to effect service on Defendant Esteban Chavez-Mata[1] by publication and for an extension of time to effect such service. Opposition has not been filed with regard to either motion.

The present lawsuit concerns Kinsale's insurance coverage obligations to a group of defendants in certain personal injury actions pending in the Superior Court of New Jersey. The plaintiffs in those actions allege that they suffered injuries as a result of an incident at a nightclub in Brick, New Jersey. Kinsale seeks a declaration that the Assault and Battery Limit in the applicable insurance policy limits the total available coverage for the underlying lawsuits.

I.  Motion to Intervene

The proposed intervenor, FRIT, is a named defendant in the underlying state lawsuits. According to those complaints, FRIT was the lessor of the premises in which the nightclub operated. Plaintiffs in the underlying actions have asserted negligence claims against FRIT.

---

[1] Originally, Plaintiff's motion was directed to Defendants Esteban Chavez-Mata and Gabriella Arias. However, the docket reflects that Ms. Arias has since been served.

FRIT moves to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a)(2). Rule 24(a)(2) is directed to intervention of right, and provides that the Court must permit anyone to intervene who: "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A litigant seeking intervention as of right must establish the following:

> (1) a timely application for leave to intervene; (2) a sufficient interest in the underlying litigation; (3) a threat that the interest will be impaired or affected by the disposition of the underlying action; and (4) that the existing parties to the action do not adequately represent the prospective intervenor's interests.

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (citing *Kleissler v. United States Forest Service*, 157 F.3d 964, 969 (3d Cir. 1998)). Having considered all of these factors, the Court finds intervention is appropriate here. First, the application is timely. FRIT learned about the instant lawsuit only a few months before filing his motion. Upon learning of the suit, FRIT reached out to Plaintiff who advised that an Amended Complaint would be forthcoming that included FRIT as a Defendant. When no such Amended Complaint was filed, FRIT filed its motion.

Second, FRIT has a sufficient interest in the litigation, as FRIT is an insured under the Kinsale policy. Kinsale had originally agreed to defend FRIT in the underlying suits pursuant to a reservation of rights, although FRIT ultimately rejected Kinsale's offer to have one attorney represent all of the defendants.

Third, FRIT's interest may be impaired by disposition of the action, as Kinsale is seeking a declaration limiting the amount of coverage available to all of its insureds in the underlying litigation. Finally, the existing Defendants in this action do not adequately represent the FRIT's

interests, as any limitations on coverage will create competing obligations between the parties that are insureds under that policy. Accordingly, FRIT's motion to intervene as a Defendant is granted.

II. Motion to Enlarge Time to Serve and for Substituted Service

Plaintiff seeks leave to serve Chavez-Mata by publication and an extension of time to effect such service. According to the Declaration of Plaintiff's counsel, Plaintiff attempted to serve Chavez-Mata at the addressed listed in the underlying lawsuit, but was unsuccessful. ECF 14-1 at ¶ 5. Neighbors at that address indicated that they did not know of anyone in the apartment by that name. Plaintiff states that process servers tried to serve Chavez-Mata at "a second possible address," but the "process servers were advised that the name Chavez-Mata did not appear in their security logs."[2] *Id.* Plaintiff then contacted Chavez-Mata's counsel in the State court action, but were informed that the office no longer represented him and had no contact information. *Id.* at ¶ 6.

Federal Rule of Civil Procedure 4(e)(1) provides, in relevant part, that "an individual ... may be served in a judicial district of the United States ... following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under New Jersey law, personal service is the primary method to serve an individual located within the State. N.J. Ct. R. 4:4-4(a). Rule 4:4-4(b), however, permits substituted service when personal service cannot be effectuated in accordance with Rule 4:4-4(a). Substituted service includes service by certified mail, return receipt requested or service as permitted by court order. *See* N.J. Ct. R. 4:4-4(b)(1), (3).

---

[2] The declaration is unclear as to what "security logs" are being referenced.

Substituted or constructive service, like that sought here, requires a demonstration of due diligence that satisfies the requirements specified in New Jersey Court Rule 4:4-5(b).  *See* N.J. Ct. R. 4:4–5(a).  There is no fixed standard for determining whether a party has exercised the necessary diligence.  *Prudential Ins. Co. of Am. v. Holladay*, No. 07-5471, 2008 WL 1925293, at *2 (D.N.J. Apr. 30, 2008) (citing *Modan v. Modan*, 327 N.J. Super. 44, 48-9 (App. Div. 2000)).  Rather, the Court must conduct a fact sensitive inquiry to determine if diligence has been exercised.  *Id.*  The requesting party bears the burden to provide evidence sufficient to establish that diligence was indeed exercised.  *Id.*

Service by publication is not favored and "is the method of service that is least likely to give notice." *M & D Assocs. v. Mandara*, 366 N.J. Super. 341, 353, 841 A.2d 441 (App. Div. 2004).  As such, an affidavit in support of an application for service by publication must be carefully scrutinized.  "[C]ourt-ordered service by publication is appropriate only after the plaintiff has demonstrated by affidavit that all of the statutory modes of service have been diligently exhausted without successful service *and that all reasonable efforts to locate the defendant have failed*." *Holladay*, 2008 WL 1925293, at *3 (emphasis added).

The Declaration in support of Plaintiff's motion states that service was attempted at two separate addresses and that inquiry was made to Chavez-Mata's counsel to see if counsel would accept service and/or for information to help Plaintiff effect service.  However, the Declaration does not establish that a diligent inquiry was made in an attempt to locate an address at which Chavez-Mata could be served.  In fact, other than the inquiry to counsel, the Declaration simply contains no facts detailing any search that was undertaken.  Based upon this Declaration, the Court cannot conclude that "all reasonable efforts to locate [Chavez-Mata] have failed."  As such, the Court must deny Plaintiff's motion.  However, the Court will extend Plaintiff's time to

effect service upon Chavez-Mata and allow Plaintiff an additional 30 days to conduct the appropriate inquiry and effect service.  Consequently,

**IT IS** on this 13th day of January 2016,

**ORDERED** that the FRIT's motion to intervene [ECF No. 12] as a Defendant is GRANTED and FRIT shall have 21 days from the date of this Order to file its response to the Complaint; and it is further

**ORDERED** that Plaintiff's motion to for substituted service [ECF No. 14] is DENIED; and it is further;

**ORDERED** that Plaintiff shall have 30 days from the date of this Order to effect service upon Defendant Chavez-Mata.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge